UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BAILEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZENDESK, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-01243-JSC<br><br>**ORDER RE: MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND COUNSEL**<br><br>Re: Dkt. No. 13 |

Brian Bailey and Scott Franklin move for appointment as co-lead plaintiffs in this securities action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4. Plaintiffs sued as individuals but refer to themselves in this motion as the "B&F Group." No party submitted a competing motion for appointment as lead plaintiff. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiffs motion to be appointed co-lead plaintiffs. The hearing set for July 13, 2023 is vacated.

## DISCUSSION

The PSLRA directs district courts to appoint the lead plaintiff through a three-step process: (1) the first-filing plaintiff must give notice of the action; (2) the district court selects the presumptive lead plaintiff; and (3) other candidates may rebut the presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002). Here, no other candidates have come forward, so only the first two steps are at issue.

### A.  Step One

In the first step, the first plaintiff to file an action covered by the PSLRA must publicize the pendency of the action, the claims made, the purported class period, and the right of other

1    members of the purported class to move to serve as lead plaintiff. *Id.* The notice must be

2    published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must

3    also alert putative class members "(I) of the pendency of the action, the claims asserted therein,

4    and the purported class period; and (II) that, not later than 60 days after the date on which the

5    notice is published, any member of the purported class may move the court to serve as lead

6    plaintiff of the purported class." *Id.* Plaintiffs Bailey and Franklin submitted a notice compliant

7    with these requirements. (Dkt. No. 13-2.)

### B.     Step Two

In the second step, under the PSLRA, the Court must identify the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. The PSLRA creates "a presumption that the most adequate plaintiff" is the individual who (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(I).

A "group of persons" can collectively serve as a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d 726, 731 n.8 (9th Cir. 2002). A "group" need not necessarily be an incorporated entity. *See Cavanaugh*, 306 F.3d at 728 (finding a group of "five businessmen" should have been appointed lead plaintiffs); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) (discussing plaintiff aggregation groups). District courts generally require some showing the Plaintiffs will work together to benefit the class. *Compare In re Aqua Metals Sec. Litig.*, No. 17-CV-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) ("[A] group of previously-unrelated investors may show that it is an adequate class representative if it demonstrates that the group is small and cohesive, and that the individual members have demonstrated an ability to work together effectively on behalf of the class") *with Stuart v. Ginkgo Bioworks Holdings, Inc.*, No. 21-CV-08943-YGR, 2022 WL 500029, at *1 (N.D. Cal. Feb. 16, 2022) (collecting cases denying motions to appoint co-lead Plaintiffs when Plaintiffs fail to make the requisite showing).

Plaintiffs, two experienced investors, filed this lawsuit together. Together, they have the

largest interest in the relief known to date as no other party has moved to be appointed lead plaintiff.  Between the two plaintiffs, Bailey has a larger interest than Franklin.  (Dkt. No. 13-3 at 4, 8.)  But Plaintiffs seek to work together.  Indeed, Plaintiffs provide detailed declarations regarding their experience as investors, their cooperation together (including working together in related litigation in Delaware), and their shared desire to work on behalf of the class.  (Dkt. No. 13-4.)  Given these assertions, and especially their work together in the related Delaware action prior to this action, the Court is satisfied Plaintiffs can serve as co-lead Plaintiffs in this case and satisfy the requirements under 15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(I).

### C.     Lead Counsel

Bailey and Franklin have respectively selected and retained the law firm of Monteverde & Associates PC and Kahn Swick & Foti, LLC to serve as Co-Lead Counsel.  The Court approves the B&F Group's selection of Co-Lead Counsel for the action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  The Court defers to Plaintiffs choice of co-lead counsel because their choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [its] willingness or ability to perform the functions of lead plaintiff." *See Cavanaugh*, 306 F.3d at 733; *see also id.* at 739, n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class."). Both firms have extensive experience as lead counsel in securities class actions.  (See Dkt. No. 13-5.)

## CONCLUSION

1.     The B&F Group have moved this Court to be appointed as Co-Lead Plaintiffs in the above-captioned action (the "Action") and to approve the counsel they retained to be Co-Lead Counsel.

2.     Having considered the provisions of the PSLRA, the Court concludes that the B&F Group, jointly moving to be appointed as lead plaintiffs, are the most adequate plaintiffs and satisfy the requirements of the PSLRA. Thus, the Court appoints Bailey and Franklin as Co-Lead Plaintiffs to represent the interests of the putative Class in connection with the Action.

3.     Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v), the B&F Group have

selected and retained the law firm of Monteverde & Associates PC and Kahn Swick & Foti, LLC to serve as Co-Lead Counsel. The Court approves the B&F Group's selection of Co-Lead Counsel for the action.

4. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel designated by Co-Lead Counsel:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in deposition;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlement negotiations with counsel for Defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    h. to coordinate the preparation and filing of all pleadings; and

    i. to supervise all other matters concerning the prosecution or resolution of the Action.

5. No motion, discovery request, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery.  No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

6. Service upon any plaintiff of all pleadings in the Action, except those specifically addressed to a plaintiff other than Co-Lead Plaintiffs, shall be completed upon service of Co-Lead Counsel.

7. Co-Lead Counsel shall be the contact between plaintiffs' counsel and Defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the

4

activities of plaintiffs' counsel.  Co-Lead Counsel shall act as the liaison between the Court and plaintiffs and their counsel.

    8.    All deadlines entered at Docket Number 16 remain in place.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 13.

Dated: July 12, 2023

JACQUELINE SCOTT CORLEY
United States District Judge